IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARK TYRONE JOHNSON, #02313172 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv081 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION OF THE</u>
<u>UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Mark Tyrone Johnson, a prisoner confined within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On October 4, 2017, after a jury trial, Johnson was sentenced to seven years' imprisonment for one count of assault on a family member—enhanced by a previous conviction, (Dkt. #27-4, pg. 11). Johnson pleaded "true" to the enhancement, and represented himself at trial after initial counsel was permitted to withdraw. He filed a direct appeal, and the appellate court affirmed the conviction in a written opinion on. *See Johnson v. State*, 2018 WL 4767223, at *3 (Tex. App.—Tyler, Oct. 3, 2018, pet. ref'd). The Texas Court of Criminal Appeals subsequently refused his petition for discretionary review on February 27, 2019. Johnson filed his first state habeas application April 29, 2020, (Dkt. #27-4, pg. 64). On September 2, 2020, the Texas Court of Criminal Appeals (TCCA) denied the application without a written order, (Dkt. #27-3, pg. 4).

1

Jonhson filed a second habeas application on April 9, 2021, (Dkt. #27-7, pg. 216), concerning a claim about the Confrontation Clause. The TCCA dismissed the application without a written order on November 17, 2021, as a subsequent application, (Dkt. #27-5). Johnson then filed this federal habeas petition challenging the conviction, (Dkt. #1).

The undersigned ordered the Respondent to address Johnson's petition. Respondent first maintained that Johnson's habeas petition should be dismissed, without prejudice, because his claims were partially unexhausted, (Dkt. #10). Respondent further asserted that Johnson's exhausted claim was without merit. After a significant lapse in time without hearing from Petitioner, the Court dismissed the case, without prejudice, for the failure to prosecute.

Petitioner moved to reopen his lawsuit on September 22, 2023, which was granted. Upon reopening the case, District Judge Jeremy D. Kernodle issued an order for an updated answer, (Dkt. #23), from the Respondent. Respondent filed an updated answer addressing Petitioner's claims—and Johnson filed a response on December 4, 2023, (Dkt. #28).

## II. Factual Background

The appellate court outlined the facts of Carter's case as follows:

At trial, the jury heard two versions of events. Appellant testified that he is married to Cassandra and that the two had been experiencing marital problems. He attributed their issues to the fact that they both are "recovering addicts." He testified that Cassandra had her own apartment. Appellant further testified that she has trouble sleeping and takes medication to help her sleep. The night before the alleged incident, Cassandra's daughter called to ask to borrow Cassandra's car. According to Appellant, Cassandra "was kind of woozy" when she woke up to take her daughter the car. When Cassandra walked out of the door, she fell into a bush. Appellant got Cassandra out of the bush, took the car to her daughter, and walked to his own apartment. Later that evening, Appellant took a muscle relaxer for his back and fell asleep. When Cassandra arrived at Appellant's residence, she accused him of having a girlfriend in his room. Appellant denied hitting Cassandra and claimed her injuries were a result of her falling in the bush that morning.

Cassandra did not testify at trial. However, the jury heard the 911 call in which Cassandra called to report that Appellant shot at her and punched her in the eye. Cassandra gave the dispatcher Appellant's address and waited down the street from his residence for an officer

2

to arrive. Officer Justin Utley of the Tyler Police Department responded to the 911 call. When he arrived at the scene, he spoke with Cassandra. The information she gave him corresponded with the information that she gave to the dispatcher. Officer Utley took photographs of Cassandra's injuries, which included a bloodshot right eye with redness around the eye. Cassandra told him that she sustained her eye injury when she was punched. Cassandra also had a scratch on her arm. Officer Utley further testified that Cassandra sustained bodily injury and that she told him it was caused by Appellant striking her.

Detective Nathan Elliott with the Tyler Police Department was assigned to investigate the alleged assault after Officer Utley completed his report. After receiving the assignment, Detective Elliott spoke with Cassandra twice: once on the phone and once in person. He testified that the information Cassandra gave him was consistent with the police reports, 911 call, and information from the patrol officer. She also remained consistent in her identification of her perpetrator. Based on his experience investigating "hundreds" of assaults, he characterized Cassandra's injuries as "bodily injury." Detective Elliott also interviewed Appellant. Appellant claimed to have witnesses who were inside his residence that could corroborate his version of the events. However, the witness that Detective Elliott was able to contact refused to speak with him. Following his investigation, Detective Elliott obtained a warrant for Appellant's arrest and arrested him for felony assault family violence. Additionally, the State introduced photographs of Cassandra's injuries into evidence.

*Johnson*, 2018 WL 4767223, at *2.

### III. Petitioner's Habeas Petition

Petitioner Johnson challenges his October 2017 conviction for enhanced assault on a family member with a previous conviction. He maintains that his rights under the Confrontation Clause were violated because the victim did not testify for the State. Johnson further argues that there was "no evidence that was presented to the jury regarding the manner and means of an assault," (Dkt. #1, pg. 8). He also contends that the trial court admitted hearsay evidence through the victim and the 911 call. Johnson seeks a reversal of his conviction.

### IV. Respondent's Updated Answer and Johnson's Response

In its most-recent answer, (Dkt. #26), Respondent maintains that Johnson's claims are procedurally barred and otherwise without merit. Respondent urges this Court to dismiss this proceeding with prejudice.

Johnson filed a response on December 4, 2023, (Dkt. #28). He argues that his claims are not procedurally barred because he raised them in state court. Johnson further states that his claims succeed on the merits—insisting that the Texas Court of Criminal Appeals (TCCA) failed to properly consider his constitutional claims.

**V. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

**VI. Discussion and Analysis**

A review of the record and pleadings demonstrate that Johnson's federal habeas petition should be denied. Some of his claims are procedurally barred and Johnson also failed to demonstrate that the state court's adjudication of his habeas claims was unreasonable or contrary to federal law.

<u>1. Confrontation Clause</u>

In his first claim, (Dkt. #1, pg. 6), Johnson argues that the trial court violated his Sixth Amendment rights by admitting the 911 call without the victim testifying. He insists that trial counsel Roberson, prior to withdrawing and Johnson proceeding pro se at trial, failed to call the victim to testify and failed to cross-examine her.

Johnson raised similar claims in his state habeas application, (Dkt. #27-6, pg. 194), which was denied with a written order. The implicit rejection of his claims is entitled to deference under the AEDPA—even if the state habeas court failed to enter findings of fact and conclusions of law. The failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit." *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *see also Becerril v. Quarterman*, 2007 WL 1701869 *4 (S.D. Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted).

In Texas, when the Court of Criminal Appeals denies a state habeas petition—with or without an order or opinion—the "denial" means that the court addressed and rejected the merits of a particular claim. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular

5

claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").

Here, the Texas Court of Criminal Appeals denied Johnson's state habeas application. Accordingly, the state court addressed and rejected the merits of these habeas claims—irrespective of whether the state habeas court entered explicit findings. Those findings and conclusions are entitled to a presumption of correctness on federal habeas review and the petitioner has the burden of overcoming this presumption. *See Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990).

28 U.S.C. § 2254(e)(1) provides the following:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under this statute, then, only one avenue exists in which a federal court can ignore state fact findings: When the petitioner rebuts the presumption of correctness by clear and convincing evidence. Because the court denied relief on the merits of Johnson's claims, he is bound by section 2254 and must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law—as established by the Supreme Court or resulted in a decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007).

Johnson, here, has made no such showing. The Confrontation Clause, found within the Sixth Amendment to the United States Constitution, protects criminal defendants in two important ways. First, it gives a criminal defendant the right to confront or physically face his accusers or those that testify against him and, second, provides the right to conduct cross-examination. *See Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987).*

The right to confrontation is a trial right designed "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Id.* at 54 (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)); *see also Maryland v. Craig*, 497 U.S. 836, 845 (1990) ("The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversarial proceeding before the trier of fact.").

A review of the record shows that Amanda Cook testified to audio of the 911 call. Johnson did not lodge an objection under the Confrontation Clause. The Supreme Court has held that a defendant always has the burden of raising an objection under the Confrontation Clause. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 327 & n.3 (2009) ("The right to confrontation may, of course, be waived, including by failure to object to the offending evidence; and States may adopt procedural rules governing the exercise of such objections."). The transcript demonstrates that Johnson objected to the audio of the 911 call and approached the bench—claiming that the person on the audio recording was not his wife, (Dkt. #11-20, pg. 121). However, the trial court overruled the objection because it was not a proper objection, and the proceedings continued. Johnson did not lodge an objection under the Confrontation Clause; his exclamation during court that "they don't have my witness here," without more, is insufficient. *See, e.g.*, *Reyna v. State*, 168 S.W.2d 743, 760 (Tex. Crim. App. 2005) (explaining that under Texas law, an objection under the Confrontation Clause must be specific). Because Johnson failed to object under the Confrontation Clause, he waived this claim—and the state court was not unreasonable in denying habeas relief.

Johnson's claim is otherwise without merit. The United States Court of Appeal for the Fifth Circuit has repeatedly held that claims of trial court error may justify federal habeas relief if the error "is of such magnitude as to constitute a denial of fundamental fairness under the due process

clause." *See Krajcovic v. Director*, 2017 WL 3974251 at *6 (E.D. Tex. June 30, 2017) (quoting *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983)); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (To be actionable in federal court, the trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict."). The petitioner must also show that "there is more than a mere possibility that [the error] contributed to the verdict. It must have had a substantial effect or influence in determining the verdict." *Engle v. Lumpkin*, 33 F.4th 783, 796 n.37 (5th Cir. 2022) (quoting *Woods v. Johnson*, 75 F.3d 1017, 1026 (5th Cir. 1996)). Here, to the extent Johnson maintains that the trial court erred in admitting the 911 audio without the victim testifying, Johnson failed to show any trial court error. His conclusory allegations are insufficient to show a constitutional violation in a habeas proceeding. *See Schlang v. Heard*, 691 F.2d 796 799 (5th Cir. 1982).

In response, Johnson admits that he did not raise an objection "specifically under the Confrontation Clause," but claims that the objection nonetheless placed the trial court on notice of the violation—as the trial court "had a duty to recognize and address potential constitutional violations," (Dkt. #28, pg. 6). However, as mentioned, federal courts have repeatedly found that a criminal defendant has the burden to raise his objection under the Confrontation Clause and Johnson's additional arguments fail to address his burden under the AEDPA. *See, e.g.*, *Bridges v. Stephens*, 2015 WL 1401666, at *3 (N.D. Tex. Mar. 24, 2015) (explaining how the failure to object at trial renders the objection waived on federal habeas review, including the failure to object under the Confrontation Clause). This claim should be dismissed.

    2. Insufficient Evidence—Manner and Means

Next, Johnson contends that there was insufficient evidence in which to convict him. Specifically, he maintains that "the evidence that was presented by 911 recording did not prove

[there] was an assault[.] They only took the victim [sic] word at the time she was not in an emergency situation making the recording and 911 operator testimony hearsay," (Dkt. #1, pg. 8).

A claim regarding sufficiency of the evidence is evaluated under the *Jackson v. Virginia* standard; the Supreme Court has elaborated as follows:

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Federal habeas relief on a claim of insufficient evidence is "appropriate only if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Russell v. Lumpkin*, 827 F. App'x 378, 388-89 (5th Cir. 2020) (quoting *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996)).

Here, the appellate court issued the last-reasoned opinion on this exact issue, specifically finding that the evidence was legally sufficient to convict Johnson of assault against a family member. *See Johnson*, 2018 WL 4767223, at *2-3. As the last-reasoned opinion on this issue, the look-through doctrine provides that the federal court reviewing a habeas petition "ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *See Russell v. Denmark*, 68 F.4th 252, 263 (5th Cir. 2023) (quoting *Woodfox v. Cain*, 772 F.3d 358, 369 (5th Cir. 2014)); *see also Ducksworth v. Davis*, 751 F. App'x 556, 559 (5th Cir. 2018) ("We apply AEDPA's standards to the 'last reasoned state court decision' on the claim.").

To establish an assault on a family member in Texas, the State must show that a defendant "did intentionally, knowingly, and recklessly cause bodily injury" to the victim who is also a member of his family. Tex. Penal Code. Ann. § 22.01. The facts adduced at trial reveal that a rational trier of fact could have found proof of Johnson's guilt beyond a reasonable doubt. As the appellate court explained, photographs of the victim's injuries and audio of the 911 calls were shown and played for the jury; a detective with the Tyler Police Department testified to the victim's identification of Johnson as the perpetrator. The evidence was therefore sufficient to establish assault on a family member—and Johnson failed to demonstrate that this finding was unreasonable.

Moreover, the jury heard two versions of events at trial—ultimately rejecting Johnson's version. Johnson's claims concerning the evidence is a disagreement with the jury's resolution of conflicting testimony. It is well-settled that under *Jackson*, federal courts are not to second-guess the jury's credibility determinations, as all fact-finding and credibility determinations are within the sole province of the jury. *See Coleman*, 566 U.S. at 655 ("Under the deferential federal standard, the approach taken by the Court of Appeals was flawed because it unduly impinged on the jury's role as a factfinder."); *Russell*, 827 F. App'x at 389 ("The jury had the responsibility to determine witness credibility, resolve conflicts in the testimony, and weigh the evidence."); *United States v. Nieto*, 570 F. App'x 393, 394 (5th Cir. 2014) ("The jury alone decides the credibility of witnesses and chooses among reasonable constructions of the evidence. The jury apparently rejected the appellants' version of events, and we will not second-guess that decision."). Johnson has presented no constitutional violation, and this claim should be dismissed.

3. Hearsay

In his next claim, Johnson contends that the trial court admitted hearsay into evidence because the victim was not present in court. He also states that the victim was "told to go to [a] safe location after the 911 call was made but yet she stayed there proving it was no hostile environment as she wasted [sic] for police officer," (Dkt. #1, pg. 9).

Respondent maintains that this claim is procedurally barred, arguing that Johnson failed to raise it in his first state habeas application—thus preventing the state courts from adjudicating the matter. A review of the state court records confirms that Johnson failed to properly exhaust this claim, as he only raised it in his subsequent state habeas application.

State prisoners filing petitions for a writ of habeas corpus are required to exhaust their state remedies **before** proceeding to federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (emphasis added). In order to satisfy this exhaustion requirement, a state prisoner must "fairly present" all of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled upon the merits by the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Moreover, the Supreme Court held that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (2001); *see also Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983) (explaining that "where petition advances in federal court an argument based on a legal theory distinct from that relied upon by the state courts, he fails to satisfy the exhaustion requirement.") (internal citations omitted).

11

The Fifth Circuit has explained that if a state court bases its decision upon the alternative grounds of procedural default and a rejection on the merits, the federal court must, in the absence of a showing of cause and prejudice, deny habeas relief because of the procedural default. *Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005); *Amos v. Scott*, 61 F.3d 333, 341-42 (5th Cir. 1995). When the state court does not review the petitioner's claim on the merits, but rejects the claim based upon an adequate and independent state law ground, the federal court will consider the claim procedurally defaulted. *Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir.), *cert. denied*, 523 U.S. 1113 (1998). If a procedural default has occurred, federal habeas review of the claim is barred unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice would result from the failure to address his federal claim. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Fundamental miscarriages of justice are limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Unexhausted claims in a mixed habeas petition are dismissed as procedurally barred. *See Fearance*, 56 F.3d at 642 ("Accordingly, this court is barred from reviewing the merits of Fearance's forced medication claims: The adequate and independent state ground doctrine "bar[s] federal habeas when a state court decide[s] to address a prisoner's federal claims because the prisoner had failed to meet a state requirement."); *see also Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001) (same). Such unexhausted claims would be procedurally barred because if a petitioner attempted to exhaust the claims in state court, the claims would be barred by the Texas abuse-of-the writ rules. *Fearance*, 56 F.3d at 642.

Here, the record reflects that Johnson filed his initial state habeas application on April 29, 2020, (Dkt. #276-6, pg. 154). He filed an amended application on May 29, 2020, (Dkt. #276-6, pg. 190). Johnson claimed there that his trial counsel, before withdrawing, was ineffective for failing to object to the State admitting the 911 recording without the victim testifying. *Id*. at pg. 144.

Johnson filed a second application on April 9, 2021, (Dkt. #27-7, pg. 216), wherein he claimed that the trial court admitted "testimonial hearsay statement" through the 911 call and the lack of the victim testifying. While both claims center on the 911 audio, this second claim is different than the first habeas claim concerning his counsel that was ruled on the merits. In other words, Johnson's claim that counsel was ineffective for failing to object to the 911 audio is a wholly different claim that relies on a different legal theory. But in order to properly exhaust, the state prisoner must "present the state courts with the *same claim* he urges upon the federal courts." *See Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001) (internal citation omitted); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claim were all before the State court, or that the petitioner made a similar state-law based claim."). Accordingly, because Johnson only raised his claim concerning improper admission of hearsay in his second, subsequent application—a claim that is legally distinct from his claim of ineffective assistance of counsel—that was not addressed on the merits, his federal claim is unexhausted.

The unexhausted claim is procedurally defaulted because if Johnson were to file a successive state habeas application attempting to raise these claims, Texas would again apply its abuse-of-the-writ doctrine prohibiting a second habeas application absent specific showings. *See Coleman*, 501 U.S. at 735 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding that the unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive application, "represents an adequate state procedural bar for

13

purposes of federal habeas review"); *Etheridge v. Johnson*, 209 F.3d 718, 2000 WL 283176, at *7 (5th Cir. 2000) (Table) ("We agree that Etheridge is procedurally barred from raising this unexhausted claim in state courts because of the Texas abuse of the writ doctrine."). Accordingly, Johnson's federal habeas claim regarding the admission of hearsay should be dismissed.

**VII. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the

14

district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Johnson failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled application for the writ of habeas corpus be denied, and the case dismissed with prejudice. It is further recommended that Petitioner Johnson be denied a certificate of appeal *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 26th day of December, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

15