IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MARK TYRONE JOHNSON, #02313172 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv081 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Mark T. Johnson, a prisoner confined within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se*, filed this habeas action. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On December 26, 2023, Judge Mitchell issued a Report recommending that this petition be denied and that the case be dismissed with prejudice. Docket No. 30. Judge Mitchell further recommended that Petitioner be denied a certificate of appealability sua sponte. Petitioner filed timely objections. Docket No. 32.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten days to fourteen days).

1

In his objections, Petitioner maintains that the magistrate judge failed to "consider the totality of the circumstances," and that reliance on the last-reasoned opinion of the state appellate court is erroneous because it "overlooks the need for an independent review of the sufficiency of the evidence in a federal habeas proceeding." Docket 32 at 5.

Petitioner's objections are overruled. A review of the docket in this case shows that the magistrate judge applied the proper standard under the Antiterrorism and Effective Death Penalty Act (AEDPA), which renders a federal court's role in reviewing habeas petitions filed by state prisoners exceedingly narrow. Contrary to Petitioner's contentions, under section 2254, federal courts are not to act as "a super state supreme court." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

The AEDPA requires deference to state court findings such that a federal court cannot conduct an "independent review" as Petitioner demands. *See, e.g.*, *Russell v. Denmark*, 68 F.4th 252, 262 (5th Cir. 2023) ("A reviewing federal court's disagreement with the state court's weighing of individual Barker factors is this not itself grounds for reversal."); *Renico v. Lett*, 559 U.S. 766, 779 (2010) (explaining that the "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."). As it stands, here, Petitioner has not demonstrated that the state court's adjudication of his habeas claims was unreasonable or contrary to federal law.

The Court has conducted a careful de novo review of the record and the magistrate judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 30) is **ADOPTED** as the opinion of the Court. Petitioner's objections (Docket No. 32) are **OVERRULED**. Further, it is

**ORDERED** that Petitioner's habeas petition is **DENIED**, and this case is **DISMISSED** with prejudice. Petitioner is further **DENIED** a certificate of appealability sua sponte.

So **ORDERED** and **SIGNED** this **2nd** day of **February, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE